IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RABIAN SHACKLEFORD, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:24-cv-02421-SHL-atc ) |
| RBT TRANSPORTATION, K.T.G. USA INC., and ROBERT L. RUTH, JR., | ) ) ) |
| Defendants. | ) ) |

**ORDER DENYING DISMISSAL**

Before the Court is the Stipulation of Dismissal, filed under seal and pursuant to Federal Rule of Civil Procedure 41(A)(1)(a)(ii) by Plaintiff Rabian Shackleford and Defendants RBT Transportation, K.T.G. USA, Inc., and Robert L. Ruth, Jr. on March 17, 2025. (ECF No. 60 (sealed).)

In his Complaint, Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA") and the Tennessee Public Protection Act ("TPPA") against all Defendants. (ECF No. 1.) The FLSA claim against Defendants RBT Transportation and Robert L. Ruth, Jr. was settled, and the Court reviewed and accepted that settlement, dismissing that claim. (ECF No. 42.) There remains a pending motion for attorneys' fees related to that claim. (ECF No. 47.) However, Plaintiff's FLSA claim against Defendant K.T.G. USA, Inc. and his TPPA claims against all Defendants remain. While the Stipulation of Dismissal is a proper vehicle for dismissing the TPPA claims, it is not appropriate for the remaining FLSA claim.

Generally, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), a plaintiff can voluntarily dismiss a civil action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." However, in a FLSA case, the parties must seek the court's

approval of any settlement agreement.  See Perry v. Hardeman Cnty. Gov't, No. 1:19-cv-1106-STA-cgc, 2024 U.S. Dist. LEXIS 161088, at *3 (W.D. Tenn. Sept. 9, 2024).  Courts must then "scrutinize a proposed FLSA settlement for fairness and determine whether it is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"  Guerrero v. Astha Vinayak LLC, No. 2:24-cv-02619-SHL-atc, 2024 WL 4648006, at *2 (W.D. Tenn. Oct. 31, 2024) (citing Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2.d 1350, 13555 (11th Cir. 1982); Nutting v. Unilever Mfg. (U.S.) Inc., No. 2:14-cv-02239-JPM-tmp, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014)).

Because Plaintiff and Defendant K.T.G. USA, Inc. did not seek approval for the settlement of the outstanding FLSA claim, dismissal of that claim without Court review is inappropriate.  Instead, those parties must seek approval for that settlement.  If no motion is filed within two weeks (by April 7, 2025), the Court expects this case to proceed on schedule.

In addition, the parties are reminded a Motion to Approve the Settlement must include the settlement agreement and is not to be filed under seal.

**IT IS SO ORDERED,** this 24th day of March, 2025.

          s/ Sheryl H. Lipman
          SHERYL H. LIPMAN
          CHIEF UNITED STATES DISTRICT JUDGE